UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X   Docket No.:

CHARLES ANDRE,

                                                        Plaintiff,                    **COMPLAINT**

                          -against-

THE CITY OF NEW YORK, POLICE OFFICER   **PLAINTIFF DEMANDS**
MOHAMMAD ZUBAIR (SHIELD NO. 23412), AND   **A TRIAL BY JURY**
OFFICER DOES 1-3

                                                        Defendants.
-----------------------------------------------------------------------------X

    Plaintiff, CHARLES ANDRE, by his attorney, JESSICA MASSIMI, hereby complains of

the defendants, upon information and belief, as follows:

### PARTIES, VENUE AND JURISDICTION

1. At all times mentioned herein, Plaintiff, Charles Andre, was an adult resident of Kings
   County, in the State of New York.

2. At all relevant times mentioned herein, defendant City of New York ("New York City"), was
   and is a municipal corporation duly organized and existing under and by virtue of the laws of
   the State of New York and acts by and through its agencies, employees and agents, including,
   but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all times hereinafter mentioned, defendant, Police Officer Mohammad Zubair (Shield No.
   23412), was an adult employed by the City of New York as a member of the NYPD assigned
   to the 70th Precinct. Defendant Zubair is sued herein in his official and individual capacities.

4. All times hereinafter mentioned, the Doe Defendants were members of the NYPD assigned
   to the 70th Precinct. The Doe Defendants' true names are currently unknown to the Plaintiff.
   The Doe Defendants are sued herein in their official and individual capacities.

1

5. Officer Doe 1 is believed to be a man and Lieutenant.

6. Officer Does 2 and 3 are believed to be a man and a woman and were wearing blue NYPD uniforms.

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

8. Venue is properly laid, pursuant to 28 U.S.C. § 1391, et seq., in the Eastern District of New York, where the Plaintiff and Defendant City of New York reside, and where the majority of the actions complained of herein occurred.

9. The Plaintiff timely served a Notice of Claim on the municipal Defendant and complied with all conditions precedent to commencing an action under state law.

10. At least thirty days have elapsed since service of Plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

11. That the within action has been initiated within one year and ninety days of the accrual of Plaintiff's claims pursuant to New York State Law.

**RELEVANT FACTS**

12. On August 24, 2022, at about 12:00 p.m. Plaintiff was lawfully present near the intersection of Nostrand Avenue and Glenwood Road, County of Kings, City and State of New York.

13. At this time, Plaintiff was waiting to hail a cab to go to work.

14. Another person waiting at that location tried to throw away an empty bottle, but missed the garbage can.

15. In response, Defendant Zubair raced down the block and began yelling at this other individual to pick up the bottle, while threatening to write him a summons.

16. Plaintiff, who was not the individual Defendant Zubair was threatening with a summons, picked up the bottle and threw it away in the garbage can.

17. For no reason, Defendant Zubair then called Defendant John Doe 1to that location, despite the fact that Plaintiff had essentially mooted this petty conflict by throwing away the bottle which did not belong to him.

18. Defendant John Doe 1 arrived at the location, and without any legal justification approached Mr. Andre and began questioning him.

19. Mr. Andre was not involved in any illegal, suspicious or violent activity. He was on his way to work, and had just picked trash not belonging to him off the floor and thrown it into the garbage can.

20. However, the Defendants, intent on arresting anyone, all forcefully grabbed Plaintiff by his arms – two Defendants per arm – and began wrenching his arms behind his back, injuring his shoulder and causing Plaintiff extreme pain.

21. Despite the absence of any wrongdoing by Mr. Andre, Defendants arrested him, and handcuffed him.

22. Defendants then placed Plaintiff in the back of one of their police vehicles for an excessive amount of time in the dead of summer with all windows rolled up and no air conditioning.

23. Defendant Does 2 and 3 eventually took Mr. Andre to the stationhouse of a local area precinct, and then to the hospital to receive treatment for the injuries he sustained at the hands of the Defendants.

24. While transporting Mr. Andre, Defendants turned the air conditioning on but then rolled up the partition between the front and back seats of the vehicle so that Mr. Andre did not receive the benefit of any air conditioning.

25. Defendants then transported Plaintiff to Kings County Central Booking where he was arraigned on false allegations made by the Defendants such as Defendant Zubair falsely claiming without any context that Plaintiff "did kick and headbutt the back passenger window once inside said police vehicle."

26. In reality, Defendant Zubair placed Plaintiff handcuffed in a hot vehicle without any air conditioning or windows opened in a manner which would have been criminal to do to an animal.

27. Defendant Zubair lied by omission in the criminal complaint by attempting to cast the false impression that Mr. Andre "did kick and headbutt the back passenger window once inside said police vehicle" for no reason, when in fact Mr. Andre feared for his safety.

28. These and other allegations were false and defendant Zubair knew they them to be false when he made them.

29. Defendant Zubair forwarded these false allegations to the Kings County District Attorney's Office ("KCDA") despite the false nature of the allegations.

30. Plaintiff was were eventually released from custody and forced to return to Court pursuant to the false allegations made by defendant Zubair before his criminal charges were dismissed in their entirety on grounds consistent with his innocence.

31. At no time did Defendants have a legal basis to approach, question, search, assault, and arrest Plaintiff, nor was it reasonable for the Defendants to believe that such a basis existed.

32. At no time did any of the Defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by their fellow officers.

33. That at all times relevant herein, the Defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION
**(Section 1983 False Arrest Claim and Excessive Force Against the Individual Defendants)**

34. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

35. The individual Defendants willfully and intentionally seized, searched, detained, and arrested Plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

36. Plaintiff had not been engaged in any criminal conduct, nor were they engaged in any conduct that could reasonably be viewed as criminal nor a basis to justify his arrest.

37. Despite the absence of sufficient legal cause, Plaintiff was arrested and jailed.

38. Defendants also used force in excess of what was reasonable under the circumstances.

39. By so doing, the individual Defendants subjected Plaintiff to false arrest and imprisonment, and excessive force, and thereby violated and aided and abetted in the violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution.

40. By reason thereof, the individual Defendants have violated 42 U.S.C §1983 and caused Plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, and mental anguish.

## SECOND CAUSE OF ACTION
### (Section 1983 Denial of a Fair Trial Claim Against the Individual Defendants)

41. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

42. The individual Defendants willfully and intentionally fabricated evidence by falsely memorializing claims to have witnessed Plaintiff engaging in criminal or unlawful activity, and then forwarded these materially false claims to the Kings County District Attorneys Office ("KCDA") in order to justify the arrest of Plaintiff, and to justify, bring about and cause Plaintiff to be deprived of his liberty and to be criminally prosecuted.

43. By so doing, the individual Defendants subjected the Plaintiff to denial of a fair trial and violation of his right to due process by fabricating evidence and otherwise providing prosecutors with a materially false and misleading version of events, and thereby violated Plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

44. By reason thereof, the individual Defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, and mental anguish.

## THIRD CAUSE OF ACTION
### (Section 1983 Malicious Prosecution Against the Individual Defendants)

45. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

46. The individual Defendants willfully and intentionally caused Plaintiff to be subjected to criminal prosecution by falsely memorializing claims to have witnessed Plaintiff engaging in

criminal or unlawful activity, and then forwarded these materially false claims to the KCDA, which resulted in the KCDA presenting criminal charges against Plaintiff without probable cause for said prosecution.

47. The criminal prosecution caused Plaintiff to suffer a deprivation of liberty before Plaintiff's respective criminal charges were terminated favorably for Plaintiff.

48. By so doing, the individual Defendants caused Plaintiff to be maliciously prosecuted, and thereby violated Plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

49. By reason thereof, the individual Defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, and mental anguish.

**FOURTH CAUSE OF ACTION**
**(Section 1983 Monell Claim Against the Municipal Defendant)**

50. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

51. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

52. Defendant City of New York had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.

53. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that

NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the Plaintiff herein.

54. Defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the Plaintiff's arrest.

55. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

56. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

57. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

58. All of the acts and omissions by the individual defendant described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures,

and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

59. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the Plaintiff's rights in particular.

60. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of constitutional rights.

**Fifth Cause of Action**
**(Civil Rights Violations Pursuant to New York State Law)**

61. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

62. Plaintiff was subjected to false arrest, excessive force, malicious prosecution, denial of due process and fair trial, through the defendants' use of fabricated evidence and the making of false statements.

63. At no time did defendants have any legal basis for arresting Plaintiff, subjecting him to prosecution, or commencing criminal process against them, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

64. The Defendants are therefore liable under New York law to Plaintiff for false arrest, malicious prosecution, denial of due process and fair trial.

65. By reason thereof, Defendants have caused Plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the Plaintiff demands judgment against the individual defendants and the City of New York as follows:

i.      actual and punitive damages against the individual defendant in an amount to be determined at trial;

ii.     actual damages in an amount to be determined at trial against the City of New York;

iii.    statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iv.     such other relief as the Court deems just and proper.

Dated:  New York, New York
        October 26, 2023

MASSIMI LAW PLLC

By:     *Jessica Massimi*
        _____
        Jessica Massimi
        99 Wall Street, Suite 1264
        New York, NY  10005
        646-241-9800
        Jessica.Massimi@gmail.com